# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2015

Lyle W. Cayce
Clerk

No. 14-20645
Summary Calendar

NICK ALFRED AGUILAR,

Plaintiff - Appellant

v.

STATE OF TEXAS,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3278

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Nick Alfred Aguilar, Texas prisoner # 324831, on parole from an enhanced life sentence for possession of heroin, challenges the dismissal of his *pro se* civil-rights complaint against the State of Texas. In the complaint, he claimed his incarceration (of a heroin addict) violated the Eighth Amendment's prohibition against cruel and unusual punishment because the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-20645

State acted with deliberate indifference.  A dismissal for failure to state a claim is reviewed *de novo*.  *E.g., Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

Aguilar's contention, that the Attorney General of Texas lacked standing to file the motion to dismiss his complaint, fails because, under Texas law, the Texas Attorney General serves as the common legal representative of State agencies.  *E.g., Sierra Club v. City of San Antonio*, 115 F.3d 311, 314 (5th Cir. 1997).

Aguilar neither recognizes nor challenges the district court's conclusions that his complaint was barred by the Eleventh Amendment and *Heck v. Humphrey*, 512 U.S. 477 (1994).  Accordingly, he has abandoned any challenge to those conclusions.  *E.g., Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Furthermore, Aguilar's reliance on *Robinson v. California*, 370 U.S. 660, 666-67 (1962), is misplaced because he was not convicted under Texas law based on his use of heroin, but because he possessed it.

AFFIRMED.